PER CURIAM.
George Perdum, Jr., appeals, pro se, from the trial court’s dismissal of his claim against Delta Air Lines, Inc. That dismissal was based on lack of prosecution and a failure to appear. See Rule 41(b), A.R. Civ.P.
The trial court, in its reasons for the judgment of dismissal, stated in pertinent part:
“1. This action was originally filed on June 30, 1987, on behalf of the plaintiff by counsel.
“2. The plaintiff has on three occasions been represented concerning the incident made the basis of this litigation, each counsel severing his or her representation of Mr. Perdum for unknown reasons.
“3. This case was originally set for trial on April 20, 1988, but was continued and rescheduled for trial on June 16, 1988.
“4. Prior to the June 16, 1988, trial date and in particular on May 17, 1988, counsel for the plaintiff withdrew and plaintiff was granted an extension at his request, to September 1, 1988, to obtain new counsel.
“5. The plaintiff failed to obtain counsel by the September 1 trial date, but represented to the Court prior to that time that he wished to seek counsel to pursue his cause of action and again a continuance was granted until November 1, 1988, for this purpose, the plaintiff being informed that further continuances would not be granted.
“6. On August 31, 1988, the plaintiff obtained counsel and a continuance of this action for the purpose of allowing new counsel time to prepare the case for trial on November 1, 1988.
“7. Prior to the November 1, 1988, trial date, counsel for plaintiff withdrew and this case was again continued at plaintiffs request for the purpose of allowing the plaintiff an opportunity to obtain new counsel, the plaintiff desiring so and being informed that future continuances would not be granted.
“8. This case was again set for trial on January 12, 1989, but because of scheduling conflicts was rescheduled to January 24, 1989, the plaintiff representing to the Court that either counsel would appear on that date or he would proceed pro se.
“9. That on January 25, the trial of this action was begun, the plaintiff presenting his evidence and resting his case on that same day.
“10. That on January 26, the plaintiff failed to appear at 9:00 a.m. when Court was reconvened and informed the Court he was ill and unable to attend.
“11. The Court made an independent investigation into the plaintiff’s physical condition and finding no medical support for the plaintiff’s contention gave the plaintiff until 2:00 p.m., January 26, 1989, to appear and proceed with the trial of this action or have his treating physician inform the Court he was physically unable to appear.
“12. That at 2:00 p.m. on January 26, 1989, the plaintiff failed to appear.
“13. That upon the plaintiff’s failure to appear the Court again made independent investigation and spoke with the plaintiff’s treating physician and was informed by the physician he found no medical reason why the plaintiff could not appear and proceed with the remainder of his trial, plaintiff’s treating physician informing the Court that he had *831 been told by the plaintiff, the plaintiff would not appear.”
We have carefully reviewed the trial court’s judgment and the adequate brief filed by the plaintiff/appellant pro se, and we find no basis for reversal.
AFFIRMED.
All the Justices concur.